IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-505-D

| | |
|---|---|
| AQUESTIVE THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | **ORDER ON PLAINTIFF'S MOTION** |
| v. ) | **FOR LEAVE TO DESIGNATE** |
| ) | **DOCUMENT(S) AS FILED UNDER** |
| BIODELIVERY SCIENCES ) | **SEAL** |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Aquestive Therapeutics, Inc.'s ("Aquestive") Motion for Leave to Seal: (1) Aquestive's Opposition to Defendant Biodelivery Sciences International, Inc.'s ("BDSI's") Renewed Motion to Dismiss under Rule 12(c) ("Plaintiff's Opposition"); and (2) **Exhibit 1** to the Declaration of Anna M Targowska, Esq. in Support of Plaintiff's Opposition ("Targowska Declaration"). For the reasons stated herein, pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Motion to Seal should be granted.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

    (i)    the exact document or item, or portions thereof, for which filing under seal is requested;
    (ii)   how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
(iv) the reasons why alternatives to sealing are inadequate; and
(v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Plaintiff has met the requirements set forth in the Policy Manual, and that the Plaintiff's Opposition and its Exhibit A should be held under seal.

Plaintiff's Opposition and its Exhibit 1 to the Targowska Declaration overcome the common law and First Amendment presumptions to access because they contain confidential, non-public, and sensitive business information. Specifically, these documents represent and discuss highly confidential details of a contractual relationship between Aquestive and a third party and that Aquestive is obligated to keep confidential.

The material to be sealed is Plaintiff's Opposition and its Exhibit 1 to the Targowska Declaration.

Redaction is appropriate to remedy references to confidential information in Plaintiff's Opposition and its Exhibit 1 to the Targowska Declaration. To allow access to the non-confidential information, Plaintiff shall file an appropriately redacted version of these documents redacting all non-public information.

Plaintiff contacted Defendant to determine whether it would opposed this Motion. Plaintiff has not received a response from Defendant as to its position.

BASED UPON the foregoing, it is therefore ORDERED that Plaintiff's Opposition and its Exhibit 1 to the Targowska Declaration shall be filed under SEAL with this Court, and it is hereby ORDERED that Plaintiff shall have ten (10) days to file a redacted version of the sealed materials.

SO ORDERED, this the 9 day of August 2021.

_____
James C. Dever III
United States District Judge